**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

MELANIE GOODMAN                                                                    PLAINTIFF

v.                                                    3:17cv00179-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,                                                    DEFENDANT

**MEMORANDUM AND ORDER**

Plaintiff, Melanie Goodman, has appealed the final decision of the Commissioner of the

Social Security Administration to deny her claim for disability insurance benefits.   Both parties

have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is

supported by substantial evidence on the record as a whole and free of legal error.   *Slusser v.*

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3).   Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402

U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.   *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*,

3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and the Complaint should

be DISMISSED.

Plaintiff is forty-four years old.   (Tr. 84.)   She is a high school graduate (*id.*) and has past relevant work as an order filler, coil winder operator, material handler, and machine packager. (Tr. 18.)

The ALJ[1] found Ms. Goodman had not engaged in substantial gainful activity since August 10, 2013, the alleged onset date.   (Tr. 12.)   She has "severe" impairments in the form of rheumatoid arthritis, diabetes mellitus, obesity, and depression.   (*Id.*)   The ALJ further found Ms. Goodman did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]   (Tr. 13-15.)

The ALJ determined Ms. Goodman had the residual functional capacity to perform a slightly reduced range of light work given her mental and physical impairments.   (Tr. 15.)   The ALJ concluded she could no longer perform her past relevant work (Tr. 18), so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.   Based on the testimony of the vocational expert, the ALJ determined she could perform the jobs of production assembler and cashier II - despite her impairments.   (Tr. 19, 97-101.)   Accordingly, the ALJ determined Ms. Goodman was not disabled.   (Tr. 22.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.   (Tr. 1-5.)   Plaintiff filed the instant

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.   20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

Complaint initiating this appeal.   (Doc. No. 2.)

In support of her Complaint, Plaintiff says the ALJ failed to find she has manipulative limitations when determining her residual functional capacity.   (Doc. No. 11 at 12-14.)   In reviewing the medical records on this point, Plaintiff clearly has had ongoing issues with arthritis and pain and swelling in her hands.   However, the medical records fail to show this impairment significantly limits Plaintiff's ability to perform work activities.   For example, while J. Suzanne Moore, M.D., noted Plaintiff had "swelling in joints" and "tenderness in joints, she also noted, "but full range of motion (all joints)."   (Tr. 308.)   And although her nerve conduction study showed abnormal results, the overall findings showed only "mild bilateral carpal tunnel syndrome."   (Tr. 373.)

Even Plaintiff's own explanation about the impact of her carpal tunnel syndrome and arthritis fails to support her argument.   When asked why she left her job, Plaintiff testified, "Because my hands kept swelling.   I got to where I couldn't bend and kneel, and I got to where I could not walk into the plant."   (Tr. 85.)   She later expounded on her answer and testified, "The pain, because I am in constant pain.   And some of the medicine does have adverse effects such as chronic diarrhea and stuff like that.   And I just - - I - - the pain mostly, just not being able to, you know, get it to ease completely and the stiffness in the joints."   (Tr. 87.)   I note when questioned by her attorney, Ms. Goodman reported her hands were drastically swollen and stiff (Tr. 91-92), but the medical records fail to fully support her allegations in this regard.   Although I am sure Ms. Goodman experiences some degree of pain and swelling in the joints of her hands, I find no reversible error by the ALJ on this point.

Ms. Goodman also argues the ALJ's credibility assessment was flawed.   (Doc. No. 11 at 14-16.)   I note this argument also ties into the ALJ's residual functional capacity assessment.

A review of the ALJ's opinion shows he considered Plaintiff's subjective allegations at some length, but found them less than fully credible.  (Tr. 15-18.)  His credibility analysis was proper.  He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints.  *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds. v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995).  His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence.  *Gregg v. Barnhart,* 354 F.2d 710, 714 (8th Cir. 2003).  As I have repeatedly found, the ALJ is always in the best position to gauge the credibility of a claimant's testimony.  Thus, the ALJ is granted deference in this regard.  *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007).  Accordingly, I find no basis to overturn the ALJ's credibility determination.

It is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 30th day of November, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE